**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-04124

SADIE ROHDY

Plaintiff,

v.

INNERBALANCE HEALTH CENTER, LLC,
INNERBALANCE PROPERTY MANAGEMENT LLC,
INNERBALANCE REAL ESTATE LLC, and,
JOSEPH EISELE,

Defendants.

---

PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff Sadie Rohdy, by and through her attorneys Allison Mahoney of ALM Law, LLC and Georgina Melbye of Kalamaya Goscha, respectfully moves for leave to file a Third Amended Complaint, and in support thereof states as follows:

## CERTIFICATION PURSUANT TO D.C. COLO. LCivR.7.1

Undersigned counsel conferred with counsel for Defendants concerning the relief sought by this motion, including providing a draft of the proposed Third Amended Complaint for review. Defendants InnerBalance Health Center, LLC ("IBHC"); InnerBalance Real Estate, LLC ("IBRE"); and Joseph Eisele oppose the motion. Defendant InnerBalance Property Management, LLC ("IBPM") does not oppose the motion.[1]

[1] Counsel for Plaintiff first contacted opposing counsel on September 25, 2026, to confer regarding this motion and the corresponding motion seeking leave to file exhibits as nonpublic. Plaintiff continued to confer regarding this motion with counsel for IBPM and IBRE through September 30, 2026, and regarding the motion to file exhibits as nonpublic with counsel for IBHC and Mr. Eisele through October 5, 2026.

## I. BACKGROUND

Plaintiff has acted diligently whenever new facts required amendment. Before the May 26, 2026 amendment deadline, she learned that two additional InnerBalance entities—IBPM and IBRE—were involved in the ownership and operation of the properties at issue and promptly sought leave to add them. (*See* ECF No. 23.) In early September 2026, months after the amendment deadline, Defendants IBHC and Joseph Eisele, IBHC's Clinical Director, reversed their position on a fact they had twice represented to the Court as undisputed: that Demetrius Graves, whom Plaintiff alleges sexually abused her while she was enrolled in IBHC's recovery program, "was an employee at InnerBalance in June and July 2024." (*See* ECF Nos. 13, 18.)

During a status conference on August 28, the Court ordered the parties to file an amended proposed scheduling order. On September 1, 2026, counsel for IBHC and Eisele circulated a redlined proposed scheduling order deleting the undisputed fact regarding Graves' employment. (*See* Decl. of Allison Mahoney, Ex. 1.) On September 4, 2026, having received no response to her request for clarification, undersigned counsel circulated a revised proposed order restoring the fact and specifying that it referred to IBHC, consistent with the two prior scheduling orders. (*See id.*) Counsel for IBHC and Eisele responded: "I made a mistake regarding that fact you have added back in. If we need to raise it with the court we can, but we cannot agree to its inclusion." (*See id.*) In a revised draft circulated on September 11, undersigned counsel expressly advised Defendants that Plaintiff may need to amend her Second Amended Complaint given the new uncertainty regarding Graves' employer. (*See* Decl. of Allison Mahoney, ¶2.)

To date, no Defendant admits that Graves was its employee. At the parties' September 16, 2026 conferral, counsel for IBHC and Eisele denied that IBHC employed Graves, while counsel

for IBPM and IBRE declined to admit that either of his clients employed Graves. (*See* Decl. of Allison Mahoney, ¶3.) Undersigned counsel again advised that, given Defendants' positions, Plaintiff would need to amend her Complaint to plead Graves' employment in the alternative. (*See id.*)

Documents produced after the amendment deadline also reveal agreements bearing directly on which InnerBalance entity supplied staff at the residence where Plaintiff lived and Graves worked. These documents show that in 2020 IBHC leased Cattail Creek Inn—where Plaintiff resided and Graves worked overnight shifts—from IBPM. (*See* Decl. of Allison Mahoney, Ex. 2.) IBHC and IBPM also entered into a 2020 month-to-month Independent Contractor Services Agreement under which IBPM agreed to provide IBHC with lodging support, room accommodations, overnight staffing, day staffing, and other non-clinical services. (*See id.*) Defendants have failed to produce any renewals of these agreements, leaving it unclear whether they were in effect in 2024 when Plaintiff was at InnerBalance.

Discovery produced on September 23, 2026 further confirms the ambiguity regarding Graves' employment. For example, those records show that Graves (i) received a job offer via email from IBPM, which references employment at IBHC (Decl. of Allison Mahoney, Ex. 3); (ii) submitted to a drug test for IBHC (Decl. of Allison Mahoney, Ex. 4); (iii) received a new hire checklist from IBHC (Decl. of Allison Mahoney, Ex. 5); (iv) received a termination letter from IBPM that was signed by the "Clinical Director," presumably of IBHC (Decl. of Allison Mahoney, Ex. 6); (v) entered time on IBHC timesheets (Decl. of Allison Mahoney, Ex. 7); (vi) completed a federal income tax withholding certificate for IBPM (Decl. of Allison Mahoney, Ex. 9); and (vii), when his wages were garnished, both IBHC and IBPM sent checks to satisfy the garnishment

(Decl. of Allison Mahoney, Ex. 8). These records create confusion as to whether Graves was jointly employed by IBPM and IBHC, or employed by one entity while performing services for the other.

Plaintiff has also alleged in her Second Amended Complaint that Graves had access to and worked daytime shifts at 1402 W. 28th Street, which is owned by IBRE. (ECF No. 29, ¶¶ 23, 55, 104.) Given Defendants' refusal to clarify who employed Graves, Plaintiff cannot rule out the possibility that IBRE employed him in some capacity.

Plaintiff therefore seeks leave to file a Third Amended Complaint to address Defendants' changed position on Graves' employment and the information developed in discovery. The proposed amendment adds no new parties. Rather, it alleges in the alternative that Graves was employed by IBHC, IBPM, IBRE, or some combination of those entities, and adds allegations concerning the relevant leases, staffing arrangements, and properties at which Graves worked.

Lastly, discovery produced on September 4, 2026 indicates that Cattail Creek Inn, via IBPM, applied for CARR certification in August 2025. (Decl. of Allison Mahoney, Ex. 10.) Therefore, Plaintiff seeks leave to amend her complaint to add factual allegations concerning IBPM's failure to timely obtain the required CARR certification.

## II. LEGAL STANDARD

Because the May 25, 2026 deadline to amend pleadings has passed, Plaintiff must first demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4) before the Court considers amendment under Rule 15. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Good cause requires a showing of diligence. A party seeking amendment after the deadline must show that it was diligent in attempting to meet the deadline

and provide an adequate explanation for any delay. *See id.* at 1240; *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 & n.4 (10th Cir. 2006). "Information newly obtained through discovery may support good cause, but amendment may be properly denied 'if the plaintiff knew of the underlying conduct but simply failed to raise the new claims.'" *Frost v. Med. Man Techs., Inc.,* No. 23-cv-02607-GPG-TPO, 2026 U.S. Dist. LEXIS 41472, at *5–6 (D. Colo. Feb. 2, 2026) (quoting *Gorsuch*, 771 F.3d at 1240).

If good cause is shown, the Court then considers whether amendment is proper under Rule 15(a)(2). *See Gorsuch*, 771 F.3d at 1241. Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The purpose of [Rule 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Therefore, '[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 U.S. Dist. LEXIS 104205, at *6 (D. Colo. Sept. 14, 2011) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The party opposing the amendment bears the burden of proving any undue prejudice, bad faith, or dilatory motive that would merit denying a motion to amend. *See Ajaj v. United States*, 15-cv-02849-RM-KLM, 2020 U.S. Dist. LEXIS 274802, at *4 (D. Colo. Feb. 10, 2020).

## III. ARGUMENT

The Court should grant leave because Plaintiff satisfies both Rule 15 and 16 of the Federal Rules of Civil Procedure.

**A. Plaintiff Has Good Cause to Amend Under Rule 16(b)(4).**

At the May 25, 2026 amendment deadline, Plaintiff had no reason to plead alternative employment relationships among IBHC, IBPM, and IBRE. IBHC and Eisele had twice joined in scheduling orders identifying as an "undisputed fact" that "Demetrius Graves was an employee at InnerBalance in June and July 2024." (*See* ECF Nos. 13, 18.) Indeed, Plaintiff had only recently learned of IBPM and IBRE and, before the deadline, diligently sought leave to add them as Defendants. (*See* ECF No. 23.) Nothing at that time suggested that IBHC would later repudiate a fact it had twice represented as undisputed.

That changed in September 2026. After IBHC and Eisele deleted the Graves employment fact from the parties' proposed amended scheduling order, Plaintiff immediately sought clarification. (*See* Decl. of Allison Mahoney, Ex. 1. at p. 2) Counsel responded that the prior treatment of Graves' employment as undisputed had been a "mistake" and that IBHC could no longer agree to it. (*See id.* at p. 1.) Plaintiff advised Defendants that amendment would be necessary if IBHC no longer admitted employing Graves. (*See* Decl. of Allison Mahoney ¶2.) At the parties' September 16, 2026 conferral, IBHC denied employing him, and neither IBPM nor IBRE admitted that it did. (*See id.* at ¶3.) Accordingly, Plaintiff is now seeking leave to amend.

Discovery after the amendment deadline has also revealed information bearing directly on Graves' employment. Plaintiff learned that IBHC leased Cattail Creek Inn from IBPM and the proposed located at 1402 and 1414 W. 28th Street from IBRE. (*See* ECF No. 44, ¶23.) Under a separate services agreement, IBPM agreed to provide IBHC with overnight staffing, day staffing, lodging support, and other non-clinical services. (*See* Decl. of Allison Mahoney, Ex. 2.) Plaintiff resided at Cattail Creek during her enrollment in IBHC's recovery program, and Graves worked

overnight shifts there. Moreover, documents produced to date suggest that both IBPM and IBHC may be considered Graves' employers. (*See* Decl. of Allison Mahoney, Exs. 2-9.)

Additionally, on September 4, 2026, Plaintiff received discovery suggesting that IBPM applied for CARR certification for Cattail Creek in the summer of 2025. (*See* Decl. of Allison Mahoney, Ex. 10.) As background, IBHC contractually agreed to provide lodging to Plaintiff and subsequently housed her at Cattail Creek upon her arrival. (*See* ECF No. 29-1.) If the 2020 lease was still in effect in June and July 2024, IBHC was leasing Cattail Creek from IBPM at the time of Plaintiff's stay. Plaintiff had no way of knowing until recently that IBPM had applied for CARR certification. Indeed, it is reasonable to presume that the entity that provided lodging—IBHC—would be responsible for ensuring its recovery residence had the required certification.

Rule 16 permits amendment when new information learned after the deadline creates the need to amend. *See Gorsuch* 771 F.3d at 1240; *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). That is precisely what occurred here. Plaintiff did not sit on relevant facts and wait until after the deadline to seek leave to amend. *Cf. Frost*, 2026 U.S. Dist. LEXIS 41472, at * 8–9 (citing *Birch*, 812 F.3d at 1249) (finding that plaintiff failed to satisfy Rule 16's good cause standard "[b]ecause the underlying conduct and facts were known to [p]laintiff before the original deadline set to amend" but "failed to explain why he did not seek leave to amend his pleading after learning the information" seven months before the amendment deadline). Instead, Plaintiff could not reasonably have anticipated before May 25, 2026 that IBHC would deny a fact it had twice represented as undisputed. And once IBHC did so, Plaintiff acted promptly. *See Minter*, 451 F.3d at 1205–06; *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 U.S. Dist. LEXIS 153963, at *8–9 (D. Kan. Aug. 25, 2020) (finding good cause where information

available before the amendment deadline did not accurately identify the plaintiff's employer and plaintiff promptly sought amendment after later discovery revealed the issue). Additionally, Plaintiff only recently discovered that IBPM applied for CARR certification last year. Plaintiff has therefore satisfied Rule 16's good cause requirement. *See Gorsuch* 771 F.3d at 1240; *Birch*, 812 F.3d at 1247–49; *Minter*, 451 F.3d at 1205–06.

**B. Leave to Amend is Proper Under Rule 15(a)(2).**

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." Leave may be denied for undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Minter*, 451 F.3d at 1204. None of those factors is present here.

There is no undue delay. This is not a case in which Plaintiff knew the relevant facts before the amendment deadline but simply waited to amend. The need for amendment arose only after (i) IBHC and Eisele reversed their position concerning Graves' employment, (ii) discovery revealed additional information concerning the InnerBalance entities' staffing arrangements and who potentially employed Graves, and (iii) discovery showed that IBPM applied for CARR certification. Plaintiff acted promptly once these developments made amendment necessary. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 669 (D. Colo. 2001) (granting leave amend where "the plaintiff . . . pointed to new information recently discovered or disclosed which forms the bases for the additional claims").

Nor will amendment unduly prejudice Defendants. Prejudice under Rule 15 concerns "undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories," and the party opposing amendment bears the burden of showing such prejudice. *See*

*Green v. Wiley,* No. 07-cv-01011-DME-KMT, 2009 U.S. Dist. LEXIS 38093, at *4 (D. Colo. Feb. 4, 2009) (quotation omitted). No such prejudice exists here. The proposed amendments do not change the fundamental focus of the case, add a new party, or rest on different underlying conduct. Graves' role at InnerBalance, his access to Plaintiff, and the respective responsibilities of IBHC, IBPM, and IBRE for staffing and operating the relevant properties are already at the center of this litigation and the parties' discovery. The amendment simply pleads Graves' employment in the alternative—a direct response to the factual dispute that Defendants themselves created—and adds allegations concerning the entities' leases and staffing arrangements produced in discovery. Further, the Second Amended Complaint already alleged that Cattail Creek was a recovery residence that required CARR certification. The amendment clarifies that IBPM was also responsible for ensuring its property had the required certifications.

Nor does the timing impair Defendants' ability to defend this case. The Court has directed the parties to submit an amended scheduling order, and the parties agree that discovery will not close until early 2027. Defendants therefore have ample opportunity to pursue any discovery they contend is necessary. Much of the relevant information, moreover, concerns Defendants' own employment, staffing, and corporate arrangements and responsibilities—matters uniquely within their knowledge. The amendment will not require Defendants to defend an unrelated matter or materially alter the course of this litigation.

There is likewise no bad faith or dilatory motive. Plaintiff has sought amendment each time new information has emerged. Before the original amendment deadline, Plaintiff promptly sought leave to add IBPM and IBRE upon learning of their involvement. She seeks amendment now only because IBHC has denied a fact it previously treated as undisputed and discovery has supplied

additional information bearing on which entity employed Graves and which entity applied for CARR certification.

Finally, the proposed amendment is not futile. Rule 8 expressly permits alternative and inconsistent factual allegations. *See* Fed. R. Civ. P. 8(d)(2)–(3); *Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 935 (10th Cir. 2024) (recognizing that Rule 8(d) permits "inconsistent legal theories and inconsistent facts"); *Dean v. Wright Med. Tech., Inc.*, 593 F. Supp. 3d 1086, 1102 (D. Colo. 2022) (rejecting challenge to internally inconsistent factual theories because a plaintiff may plead claims in the alternative). Alternative factual pleading is particularly appropriate where, like here, after reasonable inquiry, the plaintiff legitimately remains uncertain as to the underlying facts. *See Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2020 U.S. Dist. LEXIS 31690, at *7–9 (D. Colo. Feb. 25, 2020). Plaintiff is continuing to pursue discovery to determine which of these closely related entities employed Graves. Rule 8 does not require her to guess. She may plead the employment relationship in the alternative while discovery resolves that factual question. *See id*.

And both IBHC, which lodged Plaintiff at Cattail Creek, and IBPM, which appeared to belatedly apply for CARR certification, can be liable for their failure to house Plaintiff in a properly certified recovery residence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to File a Third Amended Complaint and accept as filed the Third Amended Complaint attached as Exhibit A.[2]

DATED: October 14, 2026


**ALM Law, LLC**

s/ Allison Mahoney
***Allison Mahoney (CO Bar No. 57677)***
Chelsea Weaver
411 East Main Street, Suite 205
Aspen, CO 81611
Telephone: (970) 315-5152
E-mail: allison@almlawllc.com
E-mail: chelsea@almlawllc.com

**Kalamaya | Goscha**

s/ Georgina Melbye
***Georgina Melbye (CO Bar No. 47847)***
133 Prospector Rd #4102x
Aspen, CO 81611
Telephone: (970) 300-9215
Email: georgina@kalamaya.law

Attorneys for Plaintiff


[2] Pursuant to D.C.COLO.LCivR 15.1(b), a redlined version of the Third Amended Complaint and Jury Demand is also attached to this Motion as Exhibit A.

**CERTIFICATE OF SERVICE**

I, Hannah Simmons, do hereby certify that I have caused a true and correct copy of the foregoing to be served upon the following counsel of record, via the Court's ECF system, on October 14, 2026.

*/s/ Hannah Simmons*
Hannah Simmons